```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

KOFI ASIMPI,                       )
          Plaintiff,               )
                                   )
     v.                            ) C.A. No. 04-10117-DPW
                                   )
RELIEF RESOURCES, INC.,            )
          Defendant.               )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is directed to demonstrate good cause why this action should not be dismissed.

## BACKGROUND

On January 16, 2004 plaintiff Kofi Asimpi, a resident of Allston, Massachusetts, filed an application to proceed without prepayment of the filing fee and a complaint alleging employment discrimination in violation of Title VII and Chapter 151B.  Complaint ¶¶ 3-12.  Asimpi alleges that he was employed by Relief Resources, Inc. from April 2, 1997 through the March 1998 and that he was dismissed after complaining about racial harassment.  Id. at ¶¶ 4-10.  He further claims that the defendant falsely claimed that Asimipi was terminated for failure to stay in contact with Relief Resources for a month and for poor work performance.  Id.  He seeks $75,000 in compensatory damages.  Id. at ¶ 13.

ANALYSIS

I.   The Court May Screen this Action

Because plaintiff seeks to file this complaint without prepayment of the filing fee, a summons has not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute.  See 28 U.S.C. § 1915.  Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

II.  Absent Exhaustion, This Court May Not
     Consider Plaintiff's Employment-Law Claims

Under the administrative schemes created by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. and Chapter 151B of Massachusetts law ("Chapter 151B"), Mass. Gen. Laws ch. 151B, § 1, et seq., an aggrieved party must file an administrative charge with the Massachusetts Commission Against Discrimination ("MCAD") for any Massachusetts-law based employment

claims and an administrative charge for racial discrimination under Title VII with the EEOC before filing a complaint in federal court. See 42 U.S.C. § 2000e-5 (Title VII); Mass. Gen. Laws ch. 151B §§ 5-9; Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (Title VII claims must be administratively filed within 180 days after alleged unlawful employment practice occurred or within 300 days if aggrieved person aggrieved has initially instituted proceedings with an authorized State or local agency); Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021, 1021, 673 N.E.2d 40, 41 (1996) (a plaintiff wishing to pursue a discrimination claim under § 151B must first submit a complaint to the MCAD within six months of the alleged unlawful conduct); cf. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (purpose of administrative charge requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation).[1]

Although the filing of an administrative charge is not a

---

[1] In states such as Massachusetts, which has its own state anti-discrimination agency and a "work-sharing" agreement with the EEOC, a charge filed with the EEOC is automatically referred to MCAD, the state agency, for MCAD's initial review. Thus, claims filed with MCAD or the EEOC are effectively filed with both agencies. Seery v. Biogen, Inc., 203 F. Supp. 2d 35, 43 (D. Mass. 2002); see Davis v. Lucent Technologies, Inc., 251 F.3d 227, 230 n. 1 (1st Cir. 2001).

jurisdictional prerequisite to suit, a plaintiff may not circumvent the requirement, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 757 (1979), and plaintiff's pro se status does not immunize him from fulfilling it.  Lattimore, 99 F.3d at 464 (pro se status does not relieve an employee of the obligation to meet procedural requirements established by law).

After the filing an administrative charge for Title VII claims, the EEOC must reach a final determination on the claims and render a decision stating whether it will pursue them in federal court or whether the complainant will be issued a "right-to-sue" letter.

Absent a final determination or a "right-to-sue" letter from the EEOC for Title VII claims, a party generally may not bring a civil action under that act in federal court. McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir. 1996) (Title VII plaintiff must file a timely EEOC charge and receive notice of a right to sue; plaintiff generally may not maintain a suit against a defendant if that defendant was not named in the administrative proceedings); 42 U.S.C. § 2000e-5(f) ("civil action may be brought against the respondent named in the charge"); accord Davis v. North

4

Carolina Dep't of Corr., 48 F.3d 134, 137-138 (4th Cir. 1995) ("right-to-sue" letter is essential to the initiation of a private employment discrimination action under Title VII).

Here, because plaintiff does not allege (1) that he filed an administrative charge with either MCAD or the EEOC; or (2) that the EEOC has issued a "right-to-sue" letter for his Title VII claims, his claims are subject to dismissal. Thus, this action is subject to dismissal without prejudice. See, e.g., Tapia-Tapia v. Potter, 322 F.3d 742, 744-745 (1st Cir. 2003) (where district court gave party the benefit of the doubt by affording him an opportunity, through a show-cause order, to demonstrate that he had satisfied the preconditions for bringing suit on the ADEA claim and appellant was unable to make the requisite showing, court could dismiss action); Lindsay v. Future Electronics Corp., 930 F. Supp. 677, 678 (D. Mass. 1996) (dismissing Chapter 151B for failure to file charge with MCAD); Lattimore, 99 F.3d at 464 (failure to adequately set forth a discrimination claim at the agency level generally warrants dismissal for lack of jurisdiction).

   III.   This Action Appears To Be Untimely

An aggrieved party must bring an action for Title VII-based employment claims within 90-days of the EEOC's issuance of a "right to sue" letter for those claims. See 42 U.S.C. §

2000e-5; accord Rice v. New England College, 676 F.2d 9, 10-11 (1st Cir. 1982).  A court action based on Chapter 151B may be commenced ninety days after the filing of a complaint with the MCAD, or sooner if MCAD permission is obtained, but not later than three years after the alleged unlawful discrimination. Mass. Gen. Laws ch. 151B § 9; cf. Lindsay, 930 F. Supp. at 678 (under Massachusetts law, a plaintiff must exhaust administrative remedies available under Chapter 151B prior to seeking redress in the courts).

Here, because the events challenged by plaintiff occurred in 1998, a date more than four years prior to the filing of this complaint, it appears that this action is untimely.  See Rice v. New England College, 676 F.2d 9, 10-11 (1st Cir. 1982) (affirming dismissal of Title VII claim filed 91 days after receipt of EEOC's right-to-sue notification on ground that absent "a recognized equitable consideration, the court cannot extend the limitations period by even one day"); Swaida v. Gentiva Health Services, 238 F. Supp. 2d 325, 331 (D. Mass. 2002) (dismissing claim as untimely; under Chapter 151B § 9, a civil action must be commenced not later than three years after the alleged unlawful practice occurred); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam) (sua sponte dismissal of expired claims of pro se plaintiff

proper).

## CONCLUSION

ACCORDINGLY, plaintiff is directed to demonstrate good cause, within 35 days of the date of this order, why this action should not be dismissed under 28 U.S.C. § 1915(e)(2) for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 4th day of March, 2004.

s/Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE
