UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOFI ASIMPI )
         Plaintiff, )
 )
V. )   Civil Action No. 04-10117 DPW
 )
RELIEF RESOURCES, INC. )
         Defendant. )

## MEMORANDUM AND ORDER

In response to Douglas P. Woodlock, United States District Judge's directive, dated at Boston, Massachusetts, the 4th day of March, 2004, Plaintiff demonstrates below good cause why the Court should not dismiss, but should review, the above-referenced action.

    I.    Present Exhaustion, The Court May Consider Plaintiff's
         Employment-Law Claims

Pursuant to Chapter 151B, §1, of Massachusetts General Laws and Title VII of the Civil Rights Act of 1964, Plaintiff did file on August 18, 1998, an administrative charge with the Massachusetts Commission Against Discrimination (MCAD) against the Defendant, the former employer of the Plaintiff. Plaintiff asserts that based upon his complaint of being racially-harassed at a facility of The Center for Mental Health in Waltham, Massachusetts, the Defendant, Relief Resources, Inc., retaliated by summarily terminating him in violation of the aforementioned Chapter 151B, §1, of Massachusetts General Laws and Title VII of the Civil Rights Act of 1964.

Following a public hearing on December 10, 2001, to determine the charge of unlawful retaliation, Hearing Officer Helene Horn Figman of the MCAD reached a decision in favor of Respondent. Plaintiff appealed thereafter to the Full Commission from that decision. The Full Commission in turn dismissed Complainant's appeal and affirmed "the Hearing Officer's decision in its entirety" on the 12th day of June, 2003.

Enclosed please find a copy of the Full Commission's decision.

II.  **U. S. Equal Employment Opportunity Commission (EEOC):**
     <u>Dismissal and Notice of Rights Letter</u>

As a consequence of the MCAD's Full Commission's above-referenced decision, the EEOC reached a final determination of Plaintiff's administrative charge for Title VII claims, and adopted the said Full Commission's decision and did accordingly issue to the Plaintiff a "right-to-sue" notice in October, 2003.

Please refer to a copy of the EEOC's "Dismissal and Notice of Rights"/"Notice of Suit Rights", which is, herewith, enclosed.

III.  <u>A Timely Action</u>

As demonstrated above, Plaintiff initially instituted proceedings with the MCAD against the Defendant in August 1998. At the commencement of the proceedings, Plaintiff was required to sign a "Waiver of State Claim", waiving his right to remove the case from the MCAD to a state court while the proceedings were still in force. Thus, although the events the Plaintiff challenged occurred in 1998, i.e., more than four years before the filing of his complaint, Plaintiff was legally constrained to abide by the waiver he had signed and could not file this action until the case was exhausted by the MCAD. Indeed, the MCAD did not complete the case until June 12, 2003. This being the case, the only circumstance under which Plaintiff could bring an action to court for Title VII-based claims is the issuance of a "right-to-sue" letter or notice for his/her claims. Indeed, as indicated, the EEOP did issue to Plaintiff a "right-to-sue" notice in October 2003. Please see enclosed the above-referenced waiver.

Although this action by the Plaintiff for a Title VII-based employment claim may appear to be untimely, in that a Plaintiff must institute an action within 90 days of his/her receipt of the EEOC's "right-to-sue" notice, that this Plaintiff filed a complaint against the Defendant with the United States District Court, District of Massachusetts, on Friday, January 16, 2004, and finally that the EEOC's "right-to-sue" notice was date-marked "Oct 1 2003" as the date of mailing, Plaintiff's action did, in fact, occur within the 90 days time limit and so was not untimely. This is due to the fact that the EEOC's "right-to-sue" notice was in fact mailed on **Friday, October 17, 2003**, as the EEOC's envelope in which the notice was mailed had been post-marked, and was received by Plaintiff on

**Monday, October 20, 2003**. This means that the EEOC's "right-to-sue" notice to the Plaintiff was *not* mailed on October 01, 2003, as the notice itself was date-marked, but was in fact mailed at least two clear weeks after it had been date-marked.

Taking into account the EEOC's requirement as stipulated in its "right-to-sue" notice to Plaintiff that his/her lawsuit "**must be filed WITHIN 90 DAYS of [his/her] receipt of this Notice**" and the fact that Plaintiff received the EEOC's said notice on **Monday, October 20, 2003**, and then filed an action with the United States District Court, District of Massachusetts, on **Friday, January 16, 2004**, one may thus conclude that Plaintiff's action did occur not later than 89 days (both dates of October 20, 2003 and January 16, 2004, inclusive) after the receipt of the EEOC's notice. In other words, Plaintiff's lawsuit was filed within the 90 days time limit. For the above-stated reasons, therefore, this action may not be dismissed under 28 U. S. C. § 1915 (e) (2).

Attached hereto please find a copy of the above-referenced EEOC's "right-to-sue" notice.

Date: March 30, 2004

Respectfully submitted,

Kofi Asimpi
213 Kelton Street
Apt. # G-02
Allston, MA 02134-4384

Tel.: 617-566-2524