UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-10117-DPW

KOFI ASIMPI,
Plaintiff

v.

RELIEF RESOURCES, INC.,
Defendant

## DEFENDANT'S ANSWER

The defendant, RELIEF RESOURCES, answers the averments of the complaint as follows:

1. The defendant admits the averments contained in this paragraph.

2. The defendant denies the averments contained in this paragraph.

3. The defendant admits the averments contained in this paragraph.

4. The defendant admits the allegations contained in the first, second, third and fourth sentences of this paragraph. In response to the third sentence of this paragraph, the defendant admits that the letter addresses certain concerns that the plaintiff had with the work environment at the Adams Street location, but, in further answer states that the letter contained other information and threats.

5. The defendant denies the averments contained in the first and third sentences of this paragraph. In response to the averments contained in the second sentence of this paragraph, the defendant admits that it categorically denied

that the plaintiff's separation from his employment was in retaliation for alleged racial harassment, and that the defendant, through its president, believed that the inactivation of the plaintiff was due to the failure of the plaintiff to contact the defendant. Upon further investigation, the defendant learned that due to the plaintiff having been barred from several placement sites, his desire not to be assigned to other sites, and his lack of private transportation caused the defendant to be able to place the plaintiff.

6. The defendant denies the averments contained in the first sentence of this paragraph, and in further answer states that the defendant, through its president, in good faith believed that the plaintiff had not contacted the defendant but that belief was erroneous. The defendant admits the averments contained in the second and fourth sentences of this paragraph. The defendant denies the averments contained in the third and fifth sentences of this paragraph.

7. In response to the averments contained in the first sentence of this paragraph, the defendant states that it initially asserted that the plaintiff was separated from his employment with the defendant due to his failure to contact the defendant, but, upon further investigation, the defendant learned that due to the plaintiff having been barred from several placement sites, his desire not to be assigned to other sites, and his lack of private transportation caused the defendant to be able to place the

plaintiff. The defendant admits the averments contained in the second sentence of this paragraph.

8. The defendant denies the averments contained in this paragraph.

9. The defendant denies the averments contained in this paragraph.

10. The defendant denies the averments contained in this paragraph.

11. The defendant admits the averments contained in this paragraph.

12. The defendant denies the averments contained in this paragraph.

13. This paragraph contains a prayer for relief and, therefore does not contain averments requiring an answer. To the extent that an answer is required, the defendant denies that the plaintiff is entitled to any relief.

WHEREFORE, the defendant, RELIEF RESOURCES, INC., hereby requests the following:

A. The entry of judgment in its favor.

B. An award of costs and fees.

C. Such other relief as this Court deems just and reasonable.

### AFFIRMATIVE DEFENSES

1. The complaint fails to state a cause of action upon which relief may be granted.

2. The complaint is barred by the applicable statute of limitations.

3. The complaint is barred by the doctrine of laches.

Dated:    July 14, 2004

>Defendant, RELIEF RESOURCES, INC.,
>By It's Attorneys,
>
>_____
>Alan Seewald
>BBO # 546790
>SEEWALD, JANKOWSKI & SPENCER, P.C.
>Five East Pleasant Street
>Amherst, Massachusetts 01002
>Telephone: (413) 549-0041
>Facsimile: (413) 549-3818
>Email: Alan.Seewald@SeewaldJankowski.com

**CERTIFICATE OF SERVICE**

This will certify that the foregoing document was served on all counsel of record/parties appearing pro se by regular mail/hand delivery on 7/14/04

_____