```
               UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS

                                  C.A. No. 04-10117-DPW

                 KOFI ASIMPI,
                    Plaintiff

                        v.

                 RELIEF RESOURCES, INC.,
                    Defendant
```

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now comes the defendant, RELIEF RESOURCES, INC., and submits the following memorandum in opposition to the plaintiff's motion for summary judgment:

**SUMMARY OF FACTS AND PROCEDURAL HISTORY**

For its summary of the facts in this matter, the defendant refers to and incorporates by reference the *Defendant's Statement as to Material Facts Not in Genuine Dispute*, which was submitted in support of the defendant's Motion for Summary Judgment.

The Complaint in this case was filed on January 16, 2004. The defendant's Answer to the Complaint was filed July 15, 2004. The plaintiff's Motion for Summary Judgment was filed on February 16, 2005, and was supplemented on February 28, 2005. The defendants oppose plaintiff's motion.

**ARGUMENT**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). A material fact is one which has the "potential to affect the outcome of the suit under applicable law." *Sanchez v. Alvardo*, 101 F.3d 223, 227 (1st Cir. 1996). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational fact finder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

The plaintiff's motion for summary judgment in this case presents no summary of undisputed facts, as required by Local Rule 56.1. Courts have held consistently that pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules. See *Eagle Eye Fishing Corp. v. United States Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (explaining that "the right of self-representation is not a license not to comply with relevant rules" (citation and internal quotation marks omitted)); *FDIC v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994) ("We have consistently held that a litigant's pro se status [does not] absolve him from compliance with [either] the Federal Rules of Civil Procedure [or] a district court's procedural rules." (citation and internal quotation marks

omitted)). The plaintiff's "[f]ailure to include such a statement constitutes grounds for denial of the motion." Local Rule 56.1. [1]

The plaintiff appears to make three claims in support of his motion. First, he asserts that the defendants "fabricated" their defense. Second, he alleges that his lawyer's representation was ineffective and that his lawyer "collaborated" and "connived" with the defendants and with the MCAD the hearing officer. Thirdly he alleges that the hearing officer twisted the facts to cause him to "lose" before the MCAD.

Each of the plaintiff's theories is bottomed on the assumption that this case is in some way an appeal of the MCAD decision reached earlier. However, the plaintiff in this case is required to present his proof to this court *de novo*. *See, e.g. Elloit v. University of Tennesee*, 478 U.S. 788 (1986). The plaintiff's motion for summary judgment does not contain any argument directly addressing his underlying retaliation claims in this lawsuit. The facts and arguments in opposition to that claim are presented fully in the Defendant's Motion for Summary Judgment and its accompanying materials, which are filed contemporaneously with this Opposition.

---

[1] Because the plaintiff has failed to include any statement of material facts of record as to which there is no dispute, it is virtually impossible for the defendant to include a statement of material facts of record as to which there is a dispute. Nevertheless, the defendant has attached a statement which endeavors to address this requirement of the Rule.

In his motion for summary judgment, the plaintiff has provided nothing more than an extended statement of disputed facts and conclusory allegations with respect to the MCAD proceedings. The plaintiff's theory for summary judgment seems to be based on the notion that the defendant, the plaintiff's former counsel, and the MCAD hearing officer collaborated to create the decision which lead to the denial of plaintiff's MCAD claim, and therefore he is entitled to summary judgment in this forum. Even if, *arguendo*, there were any legitimacy to this theory, the plaintiff has still failed to prove his claims to this court, and his motion for summary judgment must be denied.

### A.   THE PLAINTIFF'S ASSERTION THAT THE DEFENDANT'S RESPONSES TO THE MCAD CLAIM WERE "BLATANT FABRICATIONS" RAISES GENUINE ISSUES OF MATERIAL FACT AND DOES NOT ENTITLE HIM TO SUMMARY JUDGMENT

The principal argument in the plaintiff's motion for summary judgment is that the defendant's responses to his MCAD claim were "lies," "blatant fabrications," and were based on an "illegitimate document," (to wit, the June 9, 2000 Respondent's Memorandum.) These completely unsupported and conclusory statements, repeated throughout plaintiff's memorandum in various forms, demonstrate clearly and unequivocally that there are genuine issues as to the facts in this case, whether or not those facts are actually material to the disposition of this lawsuit. The plaintiff's motion for summary judgment must be denied.

  **B.**  **THE ASSERTION THAT HIS FORMER COUNSEL'S INEFFECTIVE REPRESENTATION CAUSED THE PLAINTIFF'S MCAD CLAIM TO FAIL DOES NOT ENTITLE HIM TO SUMMARY JUDGMENT**

  In his Supplement to plaintiff's Motion for Summary Judgment, the plaintiff sets forth in great detail a set of "acts" and "omissions" by his former counsel, which in sum constitute a claim of ineffective assistance of counsel. These assertions, whether or not they are true, may give rise to some other, separate claim against the plaintiff's former counsel. However, these assertions are not material or relevant to the issued before this court in this case, and do not entitle the plaintiff to summary judgment.

  **C.**  **THE ASSERTION THAT THE MCAD HEARING OFFICER'S "FABRICATIONS AND DISTORTIONS" CAUSED THE PLAINTIFF'S MCAD CLAIM TO FAIL DOES NOT ENTITLE HIM TO SUMMARY JUDGMENT**

  In the Supplement to plaintiff's Motion for Summary Judgment, the plaintiff alleges that the MCAD hearing officer fabricated and distorted the testimony presented at the hearing, and that this, coupled with the "acts" and "omissions" of his former counsel, was the reason the plaintiff's MCAD claim failed. As set forth, *supra,* whether or not these assertions are true, they do not entitle the plaintiff to summary judgment in this case. With respect to the conduct of the MCAD hearing, it is possible that the plaintiff may have had a claim for a state law administrative appeal under Mass. Gen. Laws c. 30A. In this case, however, the assertions simply raise further questions of

disputed facts which are irrelevant to the proceedings before this court.

## CONCLUSION

For all the foregoing reasons and upon the authorities cited, the defendant submits that the plaintiff is not entitled to summary judgment in this case, and his motion should be dismissed.

**Dated:     March 11, 2005**

>                    **Defendant, RELIEF RESOURCES, INC.,**
>                            **By Its Attorneys,**
>
>
>                        **  /s/ Kristi A. Bodin           **
>                         **Alan Seewald, BBO # 546790**
>                        **Kristi A. Bodin, BBO # 566802**
>                    **SEEWALD, JANKOWSKI & SPENCER, P.C.**
>                          **Five East Pleasant Street**
>                        **Amherst, Massachusetts 01002**
>                          **Telephone: (413) 549-0041**
>                          **Facsimile: (413) 549-3818**
>                         **Email: AS@SJSAmherst.com**

**Certificate of service**

I hereby certify that on this day, I
served a copy of the foregoing documents
upon the parties in this action by
mailing, first class postage prepaid, to
the pro se plaintiff.

Signed under the penalties of perjury,

>         /s/Kristi A.  Bodin

>         Dated: March 11, 2005