UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOFI ASIMPI
    PLAINTIFF

v.

RELIEF RESOURCES, INC.
    DEFENDANT

CIVIL ACTION NO. 04-10117-DPW

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now comes he Plaintiff, KOFI ASIMPI, and hereby submits the following memorandum in support of his motion for summary judgment:

I. **INTRODUCTION**

This action for monetary damages is brought pursuant to M.G.L., c. 151B and Title VII of the Civil Rights Act of 1964 against Relief Resources, Inc, the former employer of Kofi Asimpi. The Plaintiff alleges that he was unlawfully terminated for complaining of verbal and physical assaults based on his race at his assigned workplace. The Defendant alleges that the Plaintiff's termination was due to his own failure to contact his employer for a one month period. Additionally, the Defendant claims that his termination would have been justified based upon the Plaintiff's "poor work performance."

II: **ISSUE: DID THE DEFENDANT UNLAWFULLY TERMINATE THE PLAINTIFF IN RETALIATION FOR HIS COMPLAINT OF VERBAL AND PHYSICAL ASSAULT IN THE WORKPLACE?**

3

action in question. Civil Rights Act of 1964, §701 et seq., as amended 42 U.S.C.A. §2000 e; *Robinson v. Polaroid Corp.*, 732 F2d 1010 (1984).

If an employer articulates a legitimate, nondiscriminatory reason for its challenged actions, employment discrimination plaintiff is given an opportunity to prove by a preponderance of the evidence that the asserted reason is a mere pretext for unlawful discrimination. Civil Rights Act of 1964, §701 et seq., as amended 42 U.S.C.A. §2000 e et seq.; *Johnson v. Allyn & Bacon, Inc.*, 731 E 2d 64, cert. denied 105 S.Ct. 433 (1981), Holden v. *Commission Against Discrimination of Comm. of Massachusetts*, 671 E2d 30 (1982), cert denied 103 S.Ct. 97, 459 US 843, 74 L.Ed. 2d 88.

A Title VII plaintiff can prove pretext by circumstantial evidence. Evidence that the employer acted contrary to its customary policy in making employment decision may support their inference of discrimination, at least in absence of evidence that employer often did not follow its own stated policy. Civil Rights Act of 1964, §701 et seq., as amended, 42 U.S.C.A. §2000 e et seq., 42 U.S.C.A. §1983. *White v. Vathally*, 570 F. Supp. 1431, affirmed 732 E2d 1037, cert. Denied 105 S.Ct. 331, 83 L.Ed. 2d 267 (1983).

An employee makes out a prima facie showing of retaliatory discharge for exercising rights under Civil Rights Act of 1964 by showing that she engaged in protected activity, that employer was aware of protected activities, that she was discharged, and, absent other evidence tending to establish a retaliatory motivation, *that her discharge followed her protected activities within such a period of time that the Court can infer retaliatory motivation;* and once a prima facie case has been demonstrated, the burden shifts to employer to articulate a legitimate, nondiscriminatory reason for discharge, whereupon the employee has the opportunity to demonstrate that the reasons assigned by the employer are pretexts. Civil Rights Act of 1964, §704 (a) as amended, 42 U.S.C.A 2000 e – 3 (a). *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F. Supp. 318 aff'd 545 F. 2d. 222 (1997). (Emphasis added).

Evidence was sufficient to permit a reasonable jury to find in favor of a former employee, in a race discrimination action he brought against former employer; the question was purely one of credibility, as employer's owner testified that employee's discharge was the product of

him by Catherine Harper, clinical director of the Center for Mental Health. The next day, March 14, 1998, was the Plaintiff's last work assignment with the Defendant. The Defendant claimed that due to the Plaintiff's "lack of contact" with their office, his file was placed on "inactive" status.

The Plaintiff merely sent a personal letter to his manager reflecting his concerns over the abuse he was receiving at the site he was assigned to work. When this letter reached his employer, the Defendant, the Plaintiff was terminated the next day. This is a clear example of retaliatory termination. No investigation of complainant's complaint of abuse in the workplace was ever conducted. The Plaintiff was simply terminated.

The Defendant claimed in its Position Statement (PS) of 10/10/98 that "Mr. Asimpi was placed on inactive status due *solely and exclusively to his failure to contact his employer for a period of one month.*"[2] (Emphasis added). The Plaintiff asserts that he was in contact with the Defendant throughout the alleged "failure to contact" time period and that his calls were not returned.

In fact, the Cambridge/Somerville office of the Defendant contacted the Plaintiff on 4/15/98, asking the Plaintiff to conduct an orientation for newly employed field staff. The Plaintiff agreed and was told that details would be forthcoming. Details never came and repeated calls to the Cambridge/Somerville office went unreturned. The Defendant claims that it would have been justified in terminating the Plaintiff because of his "poor work performance." Yet the Defendant's branch office offered this alleged "poor" employee a job training new field staff during the period the Plaintiff was allegedly not in contact with them.

At the same time that they claimed the Plaintiff was performing "poorly", they significantly increased his work hours, almost doubled in some cases, and also raised his pay at least two times. Obviously, the Defendant's claims that the Plaintiff performed poorly is a pretext solely for the purposes of opposing this action.

---

Additionally, the Defendant claimed that "Mr. Asimpi was placed on inactive status on April 22, 1998 *in accordance with relief resources standard procedure* because he had failed to contact his employer for a period of one month" (PS., p. 1, emphasis added).

---

[2] Defendant's Position Statement has been submitted to the Court. Please see p. 3.

7

> I have considered the fact that the Respondent in this case has set forth some inconsistent reasons, throughout these proceedings, for terminating the Complainant's employment. Despite the Respondent's alleged dissatisfaction with the Complainant's performance at numerous facilities, the Cambridge office of Respondent contacted Complainant on 4/15/98 asking Complainant if he would conduct an orientation for newly employed field staff. Complainant agreed and was told that further details would be forthcoming. The details were never provided to Complainant and his calls to the Cambridge office regarding this opportunity were not returned. This interaction with the Cambridge office took place during the time Respondent claimed that Complainant was on inactive status because of his failure to contact Respondent from 3/22/98 – 4/22/98. Further, Respondent's records show Complainant did place calls during March, April and May. (Finding of Fact #24). (HO's Decision, p. 12).

Under the laws of Massachusetts and the United States, retaliation in the workplace is unlawful. Retaliation for resisting and complaining of discrimination is unlawful. The Plaintiff merely relayed his fears and concerns, by personal letter, regarding his abusive treatment in the workplace. The Defendant, rather than take action to investigate and combat the workplace abuse, found it simpler and more convenient to terminate the Plaintiff.

After the Plaintiff had filed a complaint with the Massachusetts Commission Against Discrimination (MCAD), the Defendant falsely answered by stating that the <u>only</u> reason the Plaintiff was terminated was due to his failure to maintain contact with them for a one month period. Then, in accordance with the practices of defending against an employment discrimination claim, the Defendant claims the Plaintiff was a bad employee. So bad, in fact, that they offered him a position conducting orientation and training of new field staff during the alleged period of no contact, that they significantly increased his work hours and that they raised his pay at least two times during the alleged period of "poor work performance"!

After their original fabrication that the <u>only</u> reason the Plaintiff was terminated was due to his failure to maintain contact with them for a one month period had been clearly exposed, the Defendant, in a face saving, damage-control attempt, fabricated even more serious sets of lies than the first. To do this, the Defendant strangely and belatedly amended their Position Statement, so to speak, in an unsigned document entitled, "RESPONDENT'S MEMORANDUM", dated June 9, 2000. This "illegitimate" document, which should not have been admitted in the first place but upon

9

Respectfully submitted,

PRO SE PLAINTIFF

*/s/ Kofi Asimpi*

KOFI ASIMPI
213 Kelton Street
Apt. # G-02
Allston, MA 02134-4384
Tel.: 617-566-2524

---

Dated: the     day of April 2005

### Certificate of Service

This will certify that on this date, I served a copy of the foregoing document upon the parties in this action by First Class Mail, prepaid postage, to Alan Seewald, Esq., Five Pleasant Street, Amherst, MA 01002.

*/s/ Kofi Asimpi*

Kofi Asimpi

Enclosures (already submitted):

1. "RESPONDENT'S MEMORANDUM"; marked as Exhibit I.
2. "RESPONDENT'S ANSWERS TO INTERROGATORIES FROM THE COMPLAINANT", dated 31st day of January, 2000; marked as Exhibit II.
3. Defendant's Position Statement addressed to Mary Garippo, Investigator, Massachusetts Commission Against Discrimination (MCAD), captioned, "RE: Kofi Asimpi v. Relief Resources, No. 98132570, dated October 30, 1998 and signed by Alan Seewald; marked as Exhibit III.
4. Hearing Officer's Decision; already submitted to the Court and is also in the Defendant's possession.
5. Defendant's "Work History" document; marked as Exhibit IV
6. Petitioner's Rebuttal to Respondent's Position Letter", dated January 15, 1999, and signed by Thomas S. Gildea; marked as Exhibit V.
7. "Complainant's Answers to Respondent's Interrogatories"; marked as Exhibit VI
8. Defendant's letter dated May 29, 1998, addressed to the Plaintiff; marked as Exhibit VII).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOFI ASIMPI )
    PLAINTIFF )
     )
v )    CIVIL ACTION NO. 04-10117-DPW
     )
RELIEF RESOURCES, INC. )
    DEFENDANT )

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff, KOF ASIMPI, and hereby moves that the United States District Court, District of Massachusetts, presided over by Justice Douglas P. Woodlock, Esq., issue a summary judgment in favor of the Plaintiff as stipulated by F.R. Civ. P. 56 (c). The Defendant, Relief Resources, Inc., has no material facts in genuine dispute and, therefore, the Plaintiff appeals for summary judgment as the law requires.

The attached documents are submitted in support of the Plaintiff's motion:

1. Plaintiff's Statement as to Material Facts Not in Genuine Dispute;
2. Plaintiff's Memorandum in Support of his Motion for Summary Judgment;
3. Plaintiff's Affidavit.

Pro Se Plaintiff

*/s/ Kofi Asimpi*
Kofi Asimpi
213 Kelton Street
Apt. # G-02
Allston, MA 02134-4384
Tel.: 617-566-2524

Dated: the 1st day of April 2005

1